## 28749. HILL v. FRYER.

### Decided March 17, 1941.

*Noah J. Stone, Mortimer H. Freeman, Irving R. Church, Fred Stout,* for plaintiff.

*Bernard Lifchez,* for defendant.

FELTON, J. This was a suit on a promissory note brought against the maker by an accommodation indorser to whom the note was alleged to have been transferred by all other accommodation indorsers whose names appeared thereon. The petition alleged that the indorsers paid $388.47 principal, plus interest and fines. The transfer of the note from the payee to the indorsers shows that their payment was made on June 11, 1937. The note was dated March 2, 1932, and was payable in installments of $17 each, thereafter until the amount of the note, $507.50, was paid in full. These allegations show conclusively that the note became in default on November 2, 1932, because if the indorsers paid $388.47 principal to cover the balance of principal due on the note, necessarily the maker had paid $119.03, and if he paid the installments when due he failed to pay the November 2, 1932, installment. The note provided that in case of any default in payment, "unless excused by the board of directors [of payee] the entire balance of this note shall

become immediately due and payable on demand." There is no allegation that the default was excused by the board of directors. On November 2, 1932, the date of the default in payment, under the terms of the contract the note became "due and payable on demand." If the words "on demand" had been omitted, the note under its terms would have automatically become due on the date of the default, November 2, 1932, and the statute of limitations would have begun to run from that date. One of the rules for the construction of a written contract is that words inserted therein must be given some meaning. If this provision in the note is to be construed as rendering it due automatically upon the date of the default in the payment, the words "on demand" would have no meaning and would be surplusage. Acceleration clauses in contracts for the payment of money frequently provide that upon default in the payment of an installment the entire indebtedness will, at the option of the holder of the obligation, become due and payable. Others automatically operate upon default to cause the entire indebtedness to become due. Giving to the words "on demand" as contained in the note now under consideration some meaning, as must be done, the words can mean only that the entire indebtedness did not become due by reason of a default in the payment of one installment until demand for payment of the entire indebtedness was made on the maker. It not appearing that any such demand was ever made on the maker, and it appearing from the face of the note that it matured in September, 1934, the statute of limitations, which was six years, had not run on the note, which was not under seal, in June, 1940, the date of the institution of the present suit. There can be no question that the suit was on the note, in view of the allegation that notice of attorney's fees was given and the prayer to recover the same under the provisions of the note.

The court erred in sustaining the demurrer based on the ground that the cause of action was barred by the statute of limitations. The petition set out a cause of action, and was good against general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*